UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CARLTON PATRICK BLANTON, No. 371517, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-00096 Chief Judge Sharp |
| v. | ) ) | |
| MARSHALL COUNTY SHERIFF, *et al.*, | ) ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

The plaintiff, an inmate at the Marshall County Jail in Lewisburg, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Marshall County Sheriff in his official capacity and the Marshall County Jail, alleging that the plaintiff did not receive proper care for his depression and suicidal thoughts while incarcerated. (Docket No. 1). As relief, the plaintiff seeks compensatory damages for the harm he alleges he suffered. (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II.     **Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983,

the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.     Alleged Facts

While incarcerated at the Marshall County Jail, the plaintiff was reviewed by crisis center personnel, who sent him to the county hospital due to his depression and suicidal thoughts. From there, the plaintiff was transferred to the Middle Tennessee Mental Health Center where he was diagnosed as bi-polar and prescribed two medications. He returned to the county hospital and ultimately to the Marshall County Jail. The complaint alleges that, upon returning to the jail, the plaintiff was denied further mental health treatment and was placed in "isolation/suicide watch" in a "pledged steril [sic] cell." While in that cell, the plaintiff located a sharp piece of hard plastic and attempted to cut his wrist. After being discovered by the correction officers, he was taken to the nurse. She restrained him to a chair without having provided any care for the wound. The plaintiff was then placed in solitary confinement for over 45 days, during which time he was not provided with any medication or mental health treatment. (Docket No. 1 at pp. 5-6).

## IV.     Analysis

First, the plaintiff names the Marshall County Sheriff as a defendant to this action in his official capacity only. (Docket No. 1 at p. 2). However, the plaintiff has not alleged any personal involvement by the Sheriff. Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of

3

personal involvement is required for a supervisor to incur personal liability."). Other than naming the Sheriff as a defendant, the plaintiff does not allege any facts that would establish that the Sheriff was personally involved in, or even aware of, any of the issues about which the plaintiff complains. Accordingly, the complaint fails to state a claim against the Marshall County Sheriff for which relief can be granted.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's allegation as an attempt to state a claim against Marshall County. However, while Marshall County is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

4

In this case, the complaint does not allege that any of the defendants acted pursuant to a policy or custom adopted by Marshall County. Neither does the complaint allege the existence of an official policy relevant to this action. The complaint therefore fails to state a claim against Marshall County upon which relief can be granted.

The plaintiff names the Marshall County Jail as the only other defendant to this action. However, a jail or justice center is a building where prisoners are held and therefore is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a § 1983 claim upon which relief can be granted against the Marshall County Jail.

## V. Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge